# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1100V
Filed: July 17, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| KRISTI WEYLAND-TAYLOR,  * | |
|  * | Dismissal; Influenza Vaccine; |
|         Petitioner, * | Shoulder Injury Related to Vaccine |
|  * | Administration ("SIRVA"); Failure |
| v. * | to Prosecute; Failure to Respond to |
|  * | Court Orders. |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
|  * | |
|         Respondent. * | |
| * * * * * * * * * * * * * | |

*Richard Gage, Esq.,* Richard Gage, P.C., Cheyenne, WY for petitioner.
*Camille Collett, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On September 2, 2016, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she received an influenza vaccination in her left shoulder on October 14, 2013, which resulted in a shoulder injury related to vaccine administration, or "SIRVA." Petition at 1-2.

This matter was initially assigned to the Special Processing Unit ("SPU") but reassigned

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

to me on June 7, 2017. ECF No. 19.

On January 11, 2018, I issued an order scheduling a status conference for March 13, 2018, at 11:00 am. Non-PDF Order, issued Jan. 11, 2018. Petitioner's counsel failed to appear at this conference, and it was rescheduled for April 5, 2018.[3] Informal Communication, Mar. 16, 2018. On March 19, 2018, petitioner filed an Amended Petition, alleging that "she suffered a 'SIRVA' injury to her left shoulder within the time set forth in the Vaccine Injury Table…." Am. Pet. at 2, ECF No. 24.

During the next status conference on April 5, 2018, I noted that petitioner received the influenza vaccine on October 14, 2013. Thereafter, she was seen twenty-six times by her treating physicians over a two and a half year period following the vaccination and never mentioned her shoulder injury, despite complaining of other orthopedic-related symptoms. Scheduling Order at 1, ECF No. 25. Petitioner's counsel represented that petitioner was treated "off the record" for her shoulder injury following her vaccine by her husband's co-worker, and examined by Dr. Jordan Edwards at her husband's place of employment. Petitioner's husband reached out to Dr. Edwards, who did not want to get involved. Petitioner's counsel then asked for a fact hearing to present testimony from individuals who had submitted affidavits in this matter. However, none of the affidavits submitted were from individuals who claimed to have treated the petitioner "off the record." I advised counsel that a fact hearing would not resolve the problem that petitioner's first documented complaint of shoulder pain was on June 20, 2016, and at that time she reported onset as 2014 rather than 2013. I suggested that petitioner's counsel contact Dr. Edwards and any other individuals who may have provided "off the record" treatment to petitioner so that they could testify at a hearing regarding that treatment. Petitioner was ordered to file a Status Report identifying any medical provider who provided "off the record" treatment to petitioner during that two and a half year span as well as a mutually agreed upon date for a fact hearing in June or July of 2019 by no later than June 4, 2018.

Petitioner failed to file a Status Report by the deadline of June 4, 2018. My law clerk sent email reminders to petitioner's counsel on June 5, 2018, and June 8, 2018. Petitioner's counsel did not respond to the emails. On June 18, 2018, I issued an Order to Show Cause, requiring petitioner to file a status report or otherwise show cause as to why this case should not be dismissed for failure to prosecute and failure to follow Court orders by no later than Monday, July 16, 2018. Petitioner was advised that failure to respond to this Order would result in the immediate dismissal of her claim. Petitioner failed to file anything in response to the Order to Show Cause.

Special masters may dismiss a petition where the petitioner fails to follow Court orders. *See Hayman v. Sec'y of Health & Human Servs.*, No. 02-725, – Fed. Cl. – (May 9, 2005) (Finding that it was not an abuse of discretion for the special master to dismiss a petition for failure to prosecute where the petitioner failed to respond to an Order to Show Cause); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439, 441 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503, 504 (1996); Vaccine Rule 21(b). The petitioner in the instant matter has failed to comply with Court orders in a timely manner, despite multiple reminders from my law clerks. This is particularly unacceptable given petitioner's counsel's many years of experience in the Vaccine Program. *See Onikama v.*

---

[3] Counsel apologized, stating that his office failed to properly calendar the conference.

*Sec'y of Health & Human Servs.*, No. 15-1348V, 2017 WL 1718798, at *11 (Fed. Cl. Spec. Mstr. Apr. 3, 2017) (Discussing Mr. Gage's experience in the Vaccine Program). Petitioner's counsel is well-versed in the practices of this Program, therefore his failure to comply with Court orders is not due to a lack of knowledge or being new to the Program. **This case is dismissed for failure to prosecute and failure to follow Court orders. The Clerk shall enter judgment accordingly.**

    **IT IS SO ORDERED.**

                                      **s/ Mindy Michaels Roth**
                                      Mindy Michaels Roth
                                      Special Master